**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

*Robert Frazer*
*United States Attorney*

*Christopher Stratigeas*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*christopher.stratigeas@usdoj.gov*

*main: (973) 645-2700*
*direct: (973) 297-2029*

October 29, 2026

**<u>BY ECF</u>**
Hon. Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: *Ruano Morataya v. Borgen, et al.*, No. 26-13840 (RK)**
**Petitioner's Bond Hearing Before an Immigration Judge**

Dear Judge Kirsch:

This Office represents Respondents in the above-referenced habeas matter filed by a noncitizen challenging the legality of his detention by U.S. Immigration and Customs Enforcement ("ICE"). We respectfully write to inform the Court that contrary to the allegations contained in the Petition (ECF No. 1), Petitioner is not detained pursuant to 8 U.S.C. § 1225(b)(2) but instead is detained pursuant to § 1226(a).

According to ICE records, Petitioner was served Form I-286, informing him of his detention under § 1226(a) on October 20 , 2026, two days prior to the filing of the petition. *See* Ex. A (Oct. 20, 2026 Form I-286). Petitioner requested immigration judge review of his custody determination. *Id.* On October 23, 2026, Petitioner's counsel filed the instant petition alleging that Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2) and was being denied a bond hearing. ECF No. 1 at 3.

In accordance with the Court's October 23, 2026 Order (ECF No. 2), the Elizabeth Immigration Court conducted a custody redetermination hearing on October 27, 2026, concerning Petitioner pursuant to 8 U.S.C. § 1226(a), 8 C.F.R. § 1236. The Elizabeth Immigration Court denied Petitioner's request for a change in custody status because "the respondent is a flight risk." Ex. B (Oct. 27, 2026 Order of the Immigration Judge). Petitioner may seek administrative review of the immigration judge's decision via appeal to the Board of Immigration Appeals. *See* 8 C.F.R. §§ 1003.19(f), 1003.1(b)(7), 1003.38; *Hugo A. A. Q. v. Green,* No. 17-5755 (JMV), 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018).

Accordingly, Petitioner has received all process due under 8 U.S.C. § 1226(a). *See, e.g.*, *Kollie v. Bondi,* No. 26-1158 (MAS), 2026 WL 1290660, at *1 (D.N.J. May 12, 2026) (holding that a detainee eligible for a bond hearing under § 1226(a) must exhaust administrative remedies before bringing a habeas petition). We therefore respectfully ask the Court to close this case and lift all temporary restraints.

We thank the Court for its attention to this matter.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By: *s/ Christopher Stratigeas*
CHRISTOPHER STRATIGEAS
Assistant United States Attorney
*Attorneys for Respondents*

cc: All counsel of record (*via electronic filing*)

Encl.

**SO ORDERED**

**Robert Kirsch, U.S.D.J.**
**Date:** 10/29/26